IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

MARTHA RAMIREZ ,

       Plaintiff,

vs.                                                                                        Civ. No. 97-0080 MV/WWD

WAL-MART, STORES INC.,
d/b/a SAM'S CLUB,

       Defendant.

MEMORANDUM OPINION AND ORDER

      This matter comes before the Court upon Plaintiff's Motion to Compel filed October 28, 1996. Defendant Wal-Mart (Wal-Mart) failed to respond to Plaintiff's interrogatories 3, 6, 7, and 8; nor did they respond to requests for production 8, 9, 10, 16, and 18. Wal-mart objected to requests for production 1, 2, 3, 7, 11, 12, and 17. Plaintiff seeks an Order compelling responses and production on all of the aforementioned discovery. Wal-Mart contends that the motion to compel is untimely then goes on to volunteer certain belated production and to argue objections previously made. Plaintiff contends that the motion to compel is not untimely because of ongoing discussions and agreements between counsel. The discovery in question was served July 2, 1997; and the time for <u>responses</u> was extended until August 27, 1997, by the agreement of counsel. On August 27, 1997, Plaintiff received certain objections from Wal-Mart, but no responses. In this connection, Plaintiff asserts that Defendant agreed in a telephone conversation on September 2, 1997, that Plaintiff would have to compel certain production, but that some answers and production would be provided by Defendant. A letter from plaintiff dated September 3, 1997,

referring to that conversation sets out the details of the telephone conversation including the fact that Plaintiff must move to compel the production of requests for production 1, 2, 3, 7, 11, and 12.  In its letter,  Plaintiff requests that certain contemplated production be made no later than September 12, 1997.  A conversation on September 5, 1997,  referred to by Plaintiff is not documented in any way.  Plaintiff says that once it  "knew for certain on September 12, 1997, that defendant was not going to cooperate in good faith with Plaintiff, Plaintiff filed her motion to compel."  The certificate of mailing on the motion indicates that the motion was mailed to opposing counsel on September 29, 1997, seventeen days after September 12.

DISCUSSION.

Discovery traces back to the equity bill of discovery in English Chancery practice.  Thus equity or equitable considerations are natural in discovery practice.  Wal-Mart claims that Plaintiff was late in filing the instant motion.  It arrives at this conclusion by using the date of its belated objections, August 27, 1997, instead of the date on which it became obvious to Plaintiff that despite assurances from A. Brent Bailey, defense counsel, Defendant was still not going to provide discovery as Defendant had agreed to do.  Defendant offers no explanation for its own lack of promptness in giving <u>responses</u> to the discovery propounded by Plaintiff or to its apparent failure to make timely objections to that discovery.   In reaching an equitable resolution of the problems before me,  I have considered the motion to compel.  I have also considered the objections made by Wal-Mart.

**WHEREFORE,**

**IT IS ORDERED** that on or before November 28, 1997, Defendant Wal-Mart shall serve full and complete answers to Interrogatories 3, 6, 7, and 8.

**IT IS FURTHER ORDERED** that on or before November 28, 1997, Defendant Wal-Mart shall produce to Plaintiff all documents sought in Requests for Production 3, 7, 8, 9, 10, 11, 12, 16, 17, and 18**.**

_____
William W. Deaton
UNITED STATES MAGISTRATE JUDGE