IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO


MARTHA RAMIREZ,

       Plaintiff,

    v.                                          No. CIV 97-80 MV/WWD

WAL-MART STORES, INC.,
d/b/a/ SAM'S CLUB,

       Defendant.


## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on Defendant Wal-Mart Stores, Inc.'s

Objection to Magistrate Court's Order filed November 28, 1997 **[Doc. No. 43]**.  The Court,

having considered Defendant's objection, Plaintiff's response, the relevant law, and being

otherwise fully informed, finds that the objection is not well-taken and the Magistrate's Order will

be **UPHELD**.

       This case arises out of Plaintiff's employment at Wal-Mart Stores, Inc., d/b/a Sam's Club

("Wal-Mart").  Plaintiff alleges intentional infliction of emotional distress and negligent

supervision resulting from Wal-Mart's lack of an immediate and appropriate response to her

claims of sexual harassment.   Wal-Mart removed this action to federal court pursuant to 28

U.S.C. §§ 1332, 1441 and 1446.

       On July 2, 1997, Plaintiff served discovery on Wal-Mart.  Wal-Mart's responses to

discovery were due on August 1, 1997.  When no responses had been received by that date,

Plaintiff spoke with Wal-Mart and agreed to grant Wal-Mart an extension to provide responses

until August 27, 1997.  On August 27, 1997, Plaintiff received objections from Wal-Mart but no responses.  After additional conversations between the parties, Wal-Mart informed Plaintiff that she would have to compel the production of documents in a number of requests, including Request for Production No. 3, but agreed to provide responses to other interrogatories by September 12, 1997.  Wal-Mart failed to provide Plaintiff with any information by September 12, 1997.  Plaintiff subsequently filed her motion to compel on September 29, 1997.  Wal-Mart contended that the motion to compel was untimely because it was filed more than twenty days after Wal-Mart filed its objections.

Judge Deaton, noting that Plaintiff's motion was filed within 20 days of the date that it became obvious to Plaintiff that despite assurances from defense counsel Wal-Mart was not going to provide discovery as it had agreed and that Wal-Mart had failed to provide any explanation for its own lack of promptness in providing responses or making timely objections, determined that the equitable resolution of the matter was to consider Plaintiff's motion timely.  Judge Deaton then ordered that Wal-Mart produce the disputed discovery, including documents sought in Request for Production No. 3.

Wal-Mart subsequently filed the instant motion objecting to that portion of the Magistrate Court's Order compelling it to respond to Plaintiff's Request for Production No. 3.  Wal-Mart argues that the Motion to Compel is untimely and that the request for production is too broad.

A.  Timeliness of Motion to Compel

Objections to discovery are governed by Local Rule 26.6.  Rule 26.6 states:

A party served with objections to:
* an interrogatory;
* request for production or inspection; or

2

>              *   request for admission
> must proceed under D.N.M. LR-Civ. 37.1 within twenty (20) calendar days of
> service of an objection unless the response specifies that documents will be
> produced or inspection allowed.  In this case, the party must proceed under
> D.N.M.LR-Civ. 37.1 within (20) days after production or inspection of the
> documents.
>
> Failure to proceed within this time period constitutes acceptance of the objection.
> For good cause, the Court may, *sua sponte* or on motion by a party, change the
> twenty (20) day period.

D.N.M. LR-Civ. 26.6.

Plaintiff filed her Motion to Compel on September 29, 1997.  Wal-Mart, using the date of

its belated objections (August 27, 1997), argues that Plaintiff was late in filing her motion.

However, using the date it became apparent to Plaintiff that Wal-Mart was not going to fulfill

agreed upon discovery obligations (September 12, 1997), Plaintiff's motion was timely filed.

Additionally, Plaintiff made numerous attempts to accommodate and cooperate in discovery while

Wal-Mart repeatedly failed, without offering any explanation, to provide discovery as promised.

The Court agrees with Judge Deaton's conclusion that under the circumstances of this case,

equity considerations mandate that Plaintiff's motion be considered timely and resolved on the

merits.

B.  Request for Production No. 3

> Plaintiff's Request for Production No. 3 states:
>
> REQUEST No. 3: Produce complete print-outs of any computer database which
> documents any sexual harassment complaints made or filed against Wal-Mart
> Stores, Inc., or Sam's Club.
>
> Wal-Mart's Response:
>
> Objection.  Wal-Mart objects to this Request for Production as overly broad,
> unduly burdensome and not reasonably calculated to lead to the discovery of

admissible evidence.  Without waiving said objection, no documents responsive to this request are known to exist.

Wal-Mart makes several specious arguments in support of its contention that this request is too broad.  First, Wal-Mar argues that the request is too broad because it seeks all sexual harassment complaints against both Sam's Club and Wal-Mart when Plaintiff was employed only at Sam's Club.  It is undisputed, however, that Sam's Club is a division of Wal-Mart. Furthermore, Plaintiff alleges in her Response, and Defendant does not contradict, that Wal-Mart and Sam's Club's policies and procedures are identical and that both entities share the same corporate headquarters.  Given this interrelatedness, it is clear that complaints filed against either entity provide evidence of corporate policy, knowledge and intent.

Second, Wal-Mart argues that Request for Production No. 3 is too broad because Plaintiff's claim is for intentional infliction of emotional distress and negligent supervision not sexual harassment.  This distinction is without merit.  Plaintiff's claims of intentional infliction of emotional distress and negligent supervision arise out of the alleged failure of Wal-Mart to respond to her claims of sexual harassment.  Wal-Mart has raised its sexual harassment policy as a defense in this case, alleging that it has a good, effective policy and that Plaintiff did not follow it. *See* Pre-Trial Report [Doc. No. 11] at p. 6.  Formal complaints of sexual harassment made against both Wal-Mart and Sam's Club are relevant to demonstrate Wal-Mart's knowledge regarding the effectiveness of its sexual harassment policy.

Additionally, the Court notes that Wal-Mart's response to Request No. 3 appears to misrepresent that no documents responsive to Plaintiff's request are known to exist.  Plaintiff alleges, and Wal-Mart does not dispute, that Wal-Mart has a complete list of sexual harassment

4

complaints that has been provided in other cases.  Wal-Mart's explanation is that its response was "based upon the fact that there is no computerized database for complaints against Sam's Club for intentional infliction of emotional distress or negligent supervision of employees."  Objection at ¶9.  However, Plaintiff's request clearly sought sexual harassment complaints and Wal-Mart clearly responded that no such documents existed without making any of the qualifying statements Wal-Mart now provides to justify its earlier response.[1]

Plaintiff's Motion to Compel is considered timely by the Court and the information sought in Plaintiff's Request for Production No. 3 is not overly broad and is relevant to the case.

**IT IS THEREFORE ORDERED** that Defendant Wal-Mart Stores, Inc.'s Objection to Magistrate Court's Order filed November 28, 1997 **[Doc. No. 43]** is not well-taken.  Magistrate Deaton's Order entered November 12, 1997 [Doc. No. 40] is hereby **UPHELD**.

**IT IS SO ORDERED.**

_____
MARTHA VÁZQUEZ
UNITED STATES DISTRICT JUDGE

**Attorneys for Plaintiff:**
Stephen E. Tinkler
Merit Bennett
Michele Masiowski

**Attorneys for Defendant:**
A. Brent Bailey
Steven S. Scholl
Mark D. Jarmie

---

[1]  While Rule 37 of the Federal Rules of Civil Procedure permits the Court, upon motion, to impose appropriate sanctions on a party who makes false or misleading disclosure, no such motion has been filed in this case.