IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

MARTHA RAMIREZ,

      Plaintiff,

vs.                                                   Civ. No. 97-80 MV/WWD

WAL-MART STORES, INC.,
d/b/a SAM'S CLUB,

      Defendant.

## MEMORANDUM OPINION AND ORDER
### and
## PROVISIONAL RECOMMENDATION

THIS MATTER comes before the Court *sua sponte* following an Order entered on May 14, 1998, by the Hon. Martha Vazquez, district judge for this case, to determine the amount and form of sanctions to be imposed on defendant for failure to comply with the Court Order of April 17, 1998 ("April 17th Order") in which Wal-Mart was ordered to serve plaintiff with full and complete responses to Interrogatories Nos. 4, 5 and 6 of plaintiff's Second Set of Interrogatories by April 30, 1998. Defendant was denied a stay of the April 17th Order pending review of objections and unsuccessfully appealed the Order to the district judge. However, Wal-Mart did not serve the ordered responses on plaintiff as directed.

Fed.R.Civ.P.72(a) does not stay a magistrate's order pending final review by the district court of objections to the order. "Allowing the automatic stay of magistrates' orders would not only encourage the filing of frivolous appeals, but would grind the magistrate system to a halt." Litton Indus., Inc. v. Lehman Bros. Kuhn Loeb, Inc., 124 F.R.D. 75, 79 (S.D.N.Y. 1989). In the

absence of a stay, Wal-Mart was not relieved of its obligation to comply with the April 17th Order, regardless of the pendency of its appeal to the district judge.

Fed.R.Civ.P. 37(b) clearly allows the imposition of sanctions for disobedience of a valid discovery order. <u>Holcomb v. Allis-Chalmers Corp.</u>, 774 F.2d 398 (10th Cir. 1985). Among these is an award of "reasonable expenses, including attorney fees, caused by the failure," unless the failure was substantially justified or an award of expenses would be unjust. <u>Rule 37(b)(2)(E)</u>. The sanctions must be "in the interests of justice and proportional to the specific violation of the rules." <u>Olcott v. Delaware Flood Co.</u>, 76 F.2d 1538, 1557 (10th Cir. 1997) (quoting <u>Turnbull v. Wilcken</u>, 893 F.2d 256, 258 (10th Cir. 1990) (per curiam)).   Accordingly, plaintiff will ultimately acquire the information sought in the Nos. 4, 5 and 6 of plaintiff's Second Set of Interrogatories and be compensated for all expenses flowing from Wal-Mart's failure to produce the information subsequent to the April 17th Order to the present. This includes responding to Wal-Mart's objections, as well as any other attorney fees and costs incurred in the attempt to obtain the ordered responses from defendant, such as correspondence and telephone calls. However, plaintiff will not be able to recover costs and fees related to the filing of the original motion to compel. Plaintiff did not seek sanctions in that motion [#63], nor object to none being imposed *sua sponte* within the time period allowed for objections. Further, unlike Rule 37(a)(4)(A), sanctions under 37(b) does not contemplate an award of expenses incurred in making the original motion to compel.

However, in order to deter such litigation abuse by defendant in the future and to vindicate the Court's authority in the face of defendant's refusal to comply with a Court order, <u>see</u> <u>Olcott</u> at 1555 (Rule 37 serves predominantly punitive purpose), I am imposing further sanctions in the

2

amount of $500.00 to be paid directly to the Clerk of Court. In the event the Court's authority to impose these sanctions is appealed, this Order should be interpreted as a recommendation to the district judge that Wal-Mart be found in contempt and that sanctions for contempt be issued in the amount of $500.00.

**WHEREFORE,**

**IT IS ORDERED** that on or before Tuesday, May 26, 1998, defendant shall produce the documents and material for Nos. 4, 5 and 6 of plaintiff's Second Set of Interrogatories, in compliance with the April 17th Order;

**IT IS FURTHER ORDERED** that on or before Tuesday, May 26, 1998, defendant shall pay plaintiff an amount equal to the costs and fees resulting from its failure to comply with the April 17th Order, as described above;[1]

**IT IS FINALLY ORDERED** that on or before Tuesday, May 26, 1998, defendant shall pay directly to the Clerk of Court the sum of $500.00.

_____
UNITED STATES MAGISTRATE JUDGE

---

[1] The parties shall endeavor to stipulate to a monetary amount reflecting reasonable expenses and costs, including attorney's fees, but if unable to do so, plaintiff shall file an application for costs and fees related to the expenses incurred, supported by time sheets and an attorney's affidavit, on or before May 22, 1998.

3